**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23645-HERNANDEZ**

**DOT FUND, LLC**,

*Plaintiff*,

*v.*

**BALBINA AND FAMILY CORP.**, *et al.*

*Defendants.*
_______________________________________/

# ORDER

This matter is before the Court on Plaintiff's Verified Motion to Strike Notice of Removal as Legal Nullity, or in the Alternative, for Remand and Award of Attorneys' Fees and Incorporated Memorandum of Law (the "Motion"), [ECF No. 5].[1] For the reasons below, Plaintiff's motion to strike Defendant Yaysi Zoila Padron's ("Defendant Padron") Notice of Removal (the "Notice") [ECF No. 1] is **DENIED**. But Plaintiff's alternative request for remand is **GRANTED**. The request for sanctions is **DENIED**.

* * *

On May 22, 2026, Defendant Padron filed her Notice pursuant to 28 U.S.C. §§ 1441 and 1446, [ECF No. 1]. Although the Notice purports to be filed on behalf of both Defendant Padron and Defendant Balbina and Family Corp. ("Defendant BFC") (collectively "Defendants")[2], it was signed solely on behalf of Defendant Padron. [ECF No. 1 at 3]. The Notice argued that this Court has

---

[1] The Parties consented to magistrate judge jurisdiction on July 22, 2026. [ECF No. 8].

[2] Plaintiff's Verified Foreclosure Complaint also names John Doe, Jane Doe, Unknown Parties/Tenants in Possession, and "any and all persons whether living or dead, all unknown heirs, devisees, grantees, assignees, lienors, creditors, and/or trustees of the claimants by, through or under them and all parties having or claiming to have any right, title or interest in the property herein described" as co-defendants. [ECF No. 1-2 at 1]. However, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692g(a)(3), and 15 U.S.C. § 1692g(a)(5) of the Fair Debt Collection Practices Act ("FDCPA"), warranting removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. [ECF No. 1 at 2].

Plaintiff filed its Motion on June 16, 2026, asking that we strike the Notice under Federal Rule of Civil Procedure 12(f). [ECF No. 5 at 1, 11–12]. Alternatively, Plaintiff moves to remand the case to the state, contending that this Court lacks jurisdiction and that removal was improper for various procedural reasons as well. *Id.* at 1. Plaintiff also seeks attorneys' fees under 28 U.S.C. § 1447(c) and sanctions under Federal Rule of Civil Procedure 11(c). *Id.* at 12–15. As detailed below, the Court will remand the case on jurisdiction grounds and deny the request for attorneys' fees and sanctions.

## I. Default Under Local Rule 7.1(c)(1)

Because the Motion was filed on June 16, 2026, Defendants had to file a response by June 30, 2026. *See* S.D. FLA. L.R. 7.1(c)(1). When they failed to do so, we ordered them to explain "why they failed to timely respond to Plaintiff's Motion and why the Motion should not be granted and this action remanded to state court." [ECF No. 7]. Defendants were warned that "[f]ailure to timely comply with this [Paperless] Order may result in dismissal of this action." *Id.* Defendants have not responded to the court's order. Additionally, the parties failed to appear at the August 17, 2026 status conference in this matter. [ECF Nos. 9 & 10]. Although Plaintiff excused its absence, Defendants did not.

Local Rule 7.1(c)(1) reads, in relevant part:

> *Requirements and Timing.* For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default** . . . .

S.D. FLA. L.R. 7.1(c)(1) (bold emphasis supplied). On this basis alone, the Court may grant the Motion. *Id.* Notwithstanding Defendants' failure to comply with Local Rule 7.1(c)(1), this Court will address the merits as well.

## II. Motion to Strike

Plaintiff's request to strike the Notice pursuant to Federal Rule of Civil Procedure 12(f) is improper. Federal Rule of Civil Procedure 12(f) "applies only to 'pleadings,' defined by Fed.R.Civ.P. 7(a) to include only a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer (if the court orders one)." *Vanderwall v. United Airlines, Inc.*, No. 14-cv-60256-BB, 2014 WL 4755219, at *1 (S.D. Fla. Sept. 23, 2014); *see also Polite v. Dougherty Cnty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir.2008) (Rule 12(f) applies only to "pleadings"). The Notice does not fall into one of the enumerated categories of pleadings listed in Federal Rule of Civil Procedure 7(a) and thus is not a "pleading" subject to Federal Rule of Civil Procedure 12(f). *See* FED. R. CIV. P. 7(a). Accordingly, we decline to strike the Notice.

## III. Remand to State Court

Plaintiff's alternative request for remand is well taken. Because this cause involves neither diversity of citizenship nor a federal question, there is no federal jurisdiction.

"Federal courts are courts of limited subject-matter jurisdiction," *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) (citation omitted), and so have an independent obligation to determine whether subject-matter jurisdiction exists. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1254 (S.D. Fla. 2022). "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal-question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Hensley*, 113 F.4th at 1332 (citation omitted). As to federal-question jurisdiction, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where, as here, a case was removed to federal court, "[i]f at any

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The Notice reads: "[t]his Court maintains federal-question jurisdiction under 28 U.S.C. § 1441 and 28 U.S.C. § 1331 as this action contains claims made pursuant to 15 U.S.C. §[ ]1692a, et. seq.[,] Federal Debt Collection Practices Act."[3] [ECF No. 1 at 2]. But the Complaint lacks any information from which one may infer federal jurisdiction. *See* [ECF No. 1-2]. Plaintiff argues that "[f]ederal-question jurisdiction must appear on the face of the well-pleaded Complaint[,]" and that it is improper for Defendants to assert federal-question jurisdiction based on allegations made within the Notice. [ECF No. 5 at 9]. That is correct. Federal-question jurisdiction must arise from the complaint, not a removal notice. *Caterpillar Inc.*, 482 U.S. at 392. In *Caterpillar*, the Supreme Court held that "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399 (emphasis in original). Plaintiff's Complaint presents no federal question regarding the Federal Debt Collection Practices Act. *See* [ECF No. 1-2 at 1–26]. Without federal-question jurisdiction—and, thereby, subject matter jurisdiction—this Court must remand this matter to state court. 28 U.S.C. § 1447(c). Because remand is required on this basis, we need not address Plaintiff's remaining reasons.

[3] Although Plaintiff devotes a significant portion of its Motion to arguing that diversity jurisdiction is also not present, the Notice never claims to rely upon diversity jurisdiction. *Compare* [ECF No. 5 at 9-10], *with* [ECF No. 1 at 2].

### IV. Sanctions and Fees

The Motion contains a lengthy section requesting that this Court impose sanctions upon Defendants under Federal Rule of Civil Procedure 11. *See* [ECF No. 5 at 13–15]. This is facially improper. Rule 11 clearly states, in relevant part:

> (2) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c)(2). "[T]he procedural requirements of Rule 11 are strictly construed." *Galicia v. Elaselin, Inc.*, No. 24-cv-21003-JEM, 2025 WL 4750623, at *2 (S.D. Fla. Aug. 5, 2025) (alteration in original) (quoting *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009)), *report and recommendation adopted*, No. 24-cv-21003-JEM, 2025 WL 4750615 (S.D. Fla. Aug. 20, 2025). The fact that Plaintiff's Rule 11 sanctions request is not "made separately from any other motion" is, on its own, disqualifying. *Id. See also* FED. R. CIV. P. 11(c)(2). But the request fails for a second reason. Rule 11 imposes a "safe harbor," which means that the moving party must serve the sanctions motion on the nonmovant and give them at least 21 days to correct the offending filing. *Galicia*, 2025 WL 4750623, at *1–2. "Failure to comply with Rule 11's safe harbor provision demands the denial of a Rule 11 motion." *Id.* at *2. There is also no indication that Plaintiff satisfied Rule 11's safe harbor provision, which is an independent reason to deny sanctions.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion, [ECF No. 5], is **GRANTED in part** and **DENIED in part without prejudice** for the reasons stated herein.

2. The Motion is **DENIED** with respect to Plaintiff's request to strike Defendant Yaysi Zoila Padron's Notice of Removal, [ECF No. 1].

3. The Motion is **GRANTED** with respect to Plaintiff's request, in the alternative, to remand the instant cause to state court. The Clerk of Court is directed to **REMAND** this cause to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is further directed to **CLOSE** the instant cause in the Southern District of Florida. Each party shall bear their own costs and attorneys' fees incurred in connection with the removal of this action and other proceedings in this Court.

4. The Motion is **DENIED** with respect to Plaintiff's improper motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c).

**DONE AND ORDERED** in the Southern District of Florida on October 14, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of record

*Pro se* Defendant Yaysi Zoila Padron
5721 SW 62 Terrace
Miami, FL 33143